UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 23-1615-DMG (SHKx) | Date | August 17, 2023 |
| Title | Teresa Berglof, et al. v. Reche Canyon Regional Rehab Center, et al. | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On August 10, 2023, Defendants Reche Canyon Regional Rehab Center and Ark Post Acute Network, LLC ("Ark") removed this action from the San Bernadino County Superior Court to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Ntc. of Removal ¶ 8. [Doc. # 1]. The removal statute—28 U.S.C. § 1441(a)—is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)). The party seeking removal has the burden to prove that removal is proper. *Id.*

Under 28 U.S.C. section 1332(a)(2), the Court has original jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state," where the amount in controversy is also met. Limited liability companies and partnerships are citizens of every state or country in which their owners, members, or partners are citizens. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (addressing citizenship of LLCs); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990) (addressing citizenship of partnerships).

Here, Ark has not properly alleged its citizenship. Instead of specifying the citizenship of its members, it merely provides a cursory allegation that none of its members are residents or citizens of California. Ntc. of Removal ¶ 4. To meet their burden under Section 1332(a), Defendants "must be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted).

Defendants are therefore **ordered to show cause** in writing by no later than **August 30, 2023** why this action should not be remanded to the San Bernadino County Superior Court for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-1615-DMG (SHKx) | Date | August 17, 2023 |
|---|---|---|---|
| Title | *Teresa Berglof, et al. v. Reche Canyon Regional Rehab Center, et al.* | Page | 2 of 2 |

lack of subject matter jurisdiction. Failure to file a timely satisfactory response by this deadline will result in the remand of this action.

**IT IS SO ORDERED**.